IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Veronica R. Smith, | ) | Civil Action No.: 4:11-3457-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Martek Biosciences Kingstree Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Veronica R. Smith ("Plaintiff") filed this action against Martek Biosciences Kingstree Corporation ("Defendant") asserting claims against her former employer for race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this employment discrimination matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for consideration of pretrial matters. On October 22, 2012, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 24.) Plaintiff filed a response in opposition on November 8, 2012 (ECF No. 26) and Defendant filed a reply on November 19, 2012. (ECF No. 28.) The Magistrate Judge has prepared a thorough Report and Recommendation which recommends that Defendant's Motion for Summary Judgment be granted. For the reasons set forth herein, this court adopts the Report and Recommendation to the extent consistent with this order and Defendant's Motion for Summary Judgment is GRANTED.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates them and summarizes below in relevant part. Plaintiff filed this matter on December 20, 2011, alleging race and gender discrimination related to her employment at Martek Biosciences Kingstree Corporation. (ECF No. 1.) On October 22, 2012, Defendant moved for summary judgment arguing that Plaintiff cannot establish a *prima facie* case because she cannot show that she was performing to Defendant's legitimate expectations. (ECF No. 24.) After consideration of the response filed in opposition to the Motion for Summary Judgment (ECF No. 26) and Defendant's reply (ECF No. 28), the Magistrate Judge issued a Report and Recommendation recommending that Defendant's Motion for Summary Judgment be granted as Plaintiff failed to meet her burden of creating a genuine issue of fact as to whether her termination was based on her race or gender. (ECF No. 47.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate

Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 48.) Plaintiff objects to the following findings of the Magistrate Judge: 1) Plaintiff failed to present sufficient evidence to create an issue of fact as to whether Plaintiff was meeting her employer's expectations; 2) Plaintiff failed to create a dispute of fact as to whether similarly situated employees were treated more favorably; and 3) Plaintiff failed to create a dispute of fact as to whether other evidence exists that create an inference of discrimination. (ECF No. 48 at 4.) Plaintiff also objects to the Magistrate Judge's determination that Plaintiff's evidentiary support was insufficient and also to the Magistrate Judge's application of the *prima facie* case factors. (ECF No. 48 at 4.) The court addresses these objections in turn.

1. Employer's Expectations.

Plaintiff claims that the Magistrate Judge failed to make an inquiry as to whether the employer's expectations of Plaintiff were legitimate in light of complaints being made against Plaintiff's supervisor when he performed similar job functions. (ECF No. 48 at 5.) Plaintiff claims that any analysis of her performance in 2008 with respect to her 2010 termination was in error. (ECF No. 48 at 5.) Plaintiff also contends that the Magistrate Judge failed to focus on evidence that indicated Plaintiff's desire to obtain more direction, help, and training. (ECF No. 48 at 5.) Plaintiff maintains that if this evidence had been taken into account and construed in a light most favorable to her, there would have been a finding that a question of fact exists as to whether the employer's expectations for her

were reasonable. (ECF No. 48 at 6.)

The Magistrate Judge correctly set forth the applicable standards of law for proving discrimination on the basis of race and gender under Title VII. Because Plaintiff has not produced any direct evidence of discrimination, the Magistrate Judge properly utilized the burden-shifting method of proof established in *McDonnell Douglas Corporation v. Green*, 411, U.S. 792, 802-805 (1973). (ECF No. 47 at 11.) Plaintiff does not appear to contest the applicability of the *McDonnell Douglas* test to this case but instead argues that the Magistrate Judge applied the test too rigidly. (ECF No. 48 at 11-12.)

Under the *McDonnell Douglas* test, the plaintiff has the initial burden of establishing a *prima facie* case of discrimination by presenting facts showing that: 1) she is a member of a protected class; 2) she suffered adverse employment action; 3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and 4) the position remained open or was filled by similarly qualified applicants outside the protected class. *Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011) (internal citations omitted). If the plaintiff meets this burden, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Id.* If the employer is able to do so, the plaintiff must then show that the employer's stated reasons were not its true reasons, but were instead a pretext for discrimination. *Id.*; *see also Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir.2004)(noting that the burden-shifting method is a means of averting summary judgment).

Plaintiff's first objection relates to one of these elements of the *prima facie* case: whether the employer's expectations for her were reasonable. (ECF No. 48 at 6.) In

-4-

particular she points to "evidence" by way of numerous emails requesting help, direction, and training, as well as complaints made against her supervisor, which purportedly establish the third prong of the test. The record, however, establishes otherwise. The Magistrate Judge discussed the significant evidence in the record revealing that Plaintiff's job performance fell below her employer's expectations and that she needed significant improvement. (ECF No. 47 at 13-14.)

In her objections, Plaintiff also argues that the Magistrate Judge improperly considered past performance to determine whether Plaintiff was meeting Defendant's legitimate expectations as it relates to her 2010 termination. (ECF No. 48 at 5.) *O'Connor v. Consolidated Coin Caterers Corporation*, 56 F.3d 542 (4th Cir. 1995), the Fourth Circuit case cited by Plaintiff in support of her argument, held that the employee failed to make a *prima facie* case because a previous positive employment evaluation was irrelevant when considered against a more recent negative performance evaluation. *O'Connor v. Consol. Coin Caterers Corp.*, 56 F.3d 542, 547 (4th Cir.1995), rev'd on other grounds, 517 U.S. 308 (1996). Although Plaintiff makes the suggestion that the *O'Connor* case does not limit its holding to only the use of past positive reviews and thus, all past performance reviews are irrelevant to performance proximate to the termination, the case law does not support the inference. As explained by the Magistrate Judge, Plaintiff had a history of negative performance evaluations. Surely, a history of poor performance reviews leading up to Plaintiff's termination is relevant to the question of whether Plaintiff was meeting Defendant's legitimate expectations. *See Glymph v. C.F. Sauer Co.*, No. 89–2056, 1990 WL 12686, at *2 (4th Cir. Feb.6, 1990) (holding that the plaintiff failed to make a *prima facie* case that he was meeting expectations; "[i]ncluded in this proof are the performance ratings

for the previous nine years which spell out certain inadequacies, [and] records of discussions with [the employee] regarding these shortcomings"). Plaintiff has not offered any evidence that it was illegitimate for Defendant to ask Plaintiff to respond to work requests in a timely, efficient, and customer-friendly manner.[1]  Additionally, the fact that Plaintiff felt she was in need of additional help, direction, and training does not mean that her employer's expectations of her were not legitimate. *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960-61 (4th Cir.1996) ("It is the perception of the decision maker which is relevant, not the self-assessment of the plaintiff." (citations omitted)).  Further, Plaintiff's efforts to compare her work performance with her supervisor Joe Weatherford only (if at all) goes to the issue of whether similarly-situated employees outside the protected class received more favorable treatment.  The comparison is simply not relevant to the question of whether Plaintiff was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action.  Consequently, Plaintiff's objection is overruled.  Because Plaintiff has failed to show satisfactory job performance, her *prima facie* case fails and Defendant is entitled to summary judgment as recommended by the Magistrate Judge.  Although not necessary based on this finding, the court will briefly address Plaintiff's remaining objections.

   2. <u>Absence of similarly situated employees.</u>

   Plaintiff claims that the Magistrate Judge failed to discuss the Fourth Circuit standard

---

[1] The term "legitimate" means that expectations cannot be a "sham designed to hide the employer's discriminatory purpose." *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 518 (4th Cir. 2006).  As long as the requirements imposed are "bona fide expectations," as they are here, "it is no business of the court in a discrimination case to decide whether an employer demands 'too much' of his workers."  *Coco v. Elmwood Care, Inc.*, 128 F.3d 1177, 1179 (7th Cir.1997) (Posner, J.).

for situations where there are no similarly situated employees to offer as a basis for comparison. (ECF No. 48 at 7.) Plaintiff argues that it would be unjust for Plaintiff's claim to be dismissed for failure to demonstrate that similarly situated employees were treated better where no similarly situated employees exist. (ECF No. 48 at 7.) Plaintiff uses this logic to explain her use of her supervisor as a comparator, apparently relevant to the fourth prong of the *prima facie* case. (ECF No. 48 at 7-8.) Even adopting the rationale applied by the Second Circuit, as cited by Plaintiff, in the unique hypothetical case where an employer has only one employee, Plaintiff still fails to create an "inference of discrimination based on other pertinent facts." *See Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 467 (2d Cir. 2001). (ECF No. 48 at 7.) The rationale simply does not aid Plaintiff in satisfying the fourth prong of the test. The Magistrate Judge applied the relevant Fourth Circuit law and found that Plaintiff and her comparator were not "similarly situated," in fact, he was her supervisor and the two had different job titles and duties. The court finds no error as Plaintiff has not established the fourth element of the *prima facie* test.

3.    Pretext.

Plaintiff also contends that there is a question of fact as to whether Plaintiff was discharged for a legitimate reason when other employees who also committed infractions remained employed.[2] (ECF No. 48 at 9.) Plaintiff generally states there is a question of fact as to whether the employer could have believed Plaintiff was failing to perform, when she had conflict with the person issuing her annual evaluation and recommending corrective action, and also takes issue with Defendant's investigative process and

---

[2] Plaintiff fails to make helpful and meaningful comparisons here: "[t]he similarity between comparators and the seriousness of their respective offenses must be clearly established in order to be meaningful." *Lightner v. City of Wilmington*, 545 F.3d 260, 265 (4th Cir. 2008).

treatment of certain employees. (ECF No. 48 at 10.) As a method for averting summary judgment, under the "pretext" framework, an employee, "*after establishing a prima facie case of discrimination*, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Hill*, 354 F.3d at 285 (emphasis added). Here, as noted above, Plaintiff has not even established a *prima facie* case of discrimination and thus, the question of whether Defendant's proffered reason is pretextual need not even be addressed.

Even assuming she did establish a *prima facie* case—shifting the burden to Defendant—Defendant has articulated a non-discriminatory reason for the termination based on Plaintiff's performance. *See Blair v. Colonnas Shipyard, Inc.*, 52 F.Supp.2d 687, 695 (E.D.Va.1999), aff'd 203 F.3d 819 (4th Cir.2000) (holding that plaintiff's provision of false information to his employer was a legitimate, nondiscriminatory reason for his discharge). Plaintiff ultimately produces no evidence—only general and unsupported assertions— that the proffered reason was pretextual. Accordingly, Plaintiff has not carried her burden of proving by the preponderance of the evidence that Defendant's reasons for the termination were pretextual. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142–43 (2000). This court will not "sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with employment discrimination." *DeJarnette v. Corning, Inc.*, 133 F.3d 293, 299 (4th Cir. 1998)(internal citation and quotation omitted). This objection is also overruled.

    4.    <u>Evidence of inference of discrimination</u>.

Plaintiff next contends that the Magistrate Judge failed to consider the pattern of discrimination complained of by other employees as evidence. (ECF No. 48 at 10.) The

Magistrate Judge squarely addressed Plaintiff's argument claiming an alleged pattern and practice of discrimination. (ECF No. 47 at 19.) In reviewing the record, the Magistrate Judge acknowledged Plaintiff's references to other employees who have filed discrimination charges but ultimately found that Plaintiff failed to present evidence sufficient to show that racial discrimination was part of Defendant's normal operating procedures. (ECF No. 47 at 20.) As the Magistrate Judge explained, in order to prove a "pattern and practice" of discrimination, the Plaintiff must "prove more than the mere occurrence of isolated or 'accidental' or sporadic discriminatory acts." *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 336 (1977). Plaintiff instead must "establish by a preponderance of the evidence that racial discrimination was the company's standard operating procedure—the regular rather than the unusual practice." *Id.* Even still, the Fourth Circuit has cautioned that "pattern and practice evidence has little, if any relevance in an individual disparate treatment action." *McClosky v. Prince George's County, Md.*, No. 95–2913, 1996 WL 726854, at *1 (4th Cir. Dec.18, 1996). The court finds no error in the Magistrate Judge's well-reasoned and supported analysis.

     5.    <u>Rigid application of *McDonnell Douglas* analysis is not practical in this case.</u>

Finally, Plaintiff apparently claims that the Magistrate Judge has been overly rigid in his application of the *McDonnell Douglas* analysis in this case. The court disagrees. The Magistrate Judge's analysis evidences the great amount of care taken to evaluate the evidence in light of the applicable factors and standards of law. The court's analysis here simply focuses on whether Plaintiff was performing her job duties at a level that met her employer's legitimate expectations at the time of her termination. "The burden of establishing a *prima facie* case of disparate treatment is not onerous." *Texas Dept. of*

*Community Affairs v. Burdine*, 450 U.S. 248, 254 (1981). Plaintiff has not made a sufficient showing on this element and thus has not established a *prima facie* case of discrimination.

## CONCLUSION

The Court has carefully reviewed the objections made by Plaintiff and has conducted the required de novo review. After considering the motion, the record, and the Report and Recommendation of the Magistrate Judge, this court determines that the Magistrate Judge's recommended disposition is correct and the Report and Recommendation is adopted and incorporated herein by reference to the extent it is consistent with this order.[3] Therefore, it is ORDERED that Defendant's Motion for Summary Judgment (ECF No. 24) is GRANTED and this action hereby DISMISSED.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 6, 2013

---

[3] Note 4 of the Report is merely a scrivener's error and is not incorporated in the instant order.